## VALIDITY OF THE LAW RELATING TO SEINES AND FISH TRAPS.

Circuit Court of Summit County.

WILLIAM WINKLEMAN v. STATE OF OHIO.

Decided, April 12, 1911.

*Constitutionality of Fish Law.*

Section 1426, General Code, making it an offense to have in possession a fish trap in the inland fishing district of the state, when considered in connection with subsequent sections making exceptions thereto, is constitutional.

*Voris, Vaughn & Voris,* for plaintiff in error.
*Warren Thomas* and *F. J. Rockwell,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was tried before a justice of the peace, and found guilty of "having in his possession three certain devices for catching fish, to-wit, three fish traps, contrary to the statute in such case made and provided." He was fined twenty-five dollars.

Upon error to the common pleas court, the judgment of the justice was affirmed, and this proceeding is brought for the purpose of reviewing said judgment.

It is claimed that the evidence did not warrant a conviction; that while Winkleman had made the trap nets, and had them in his possession, his possession of them was perfectly innocent, as he did not intend to use them unless, upon legal advice which he was awaiting, it was found that he had a right to use them in a stream which ran through his father's farm.

This claim is rather fishy; one of the traps had been used; the justice was warranted in his conclusion as to the purpose the young man intended them for, if any offense was charged in the affidavit.

This brings us to the main contention in the case:

It is claimed that the mere possession of fish traps is not sufficient to constitute an offense; that the state must allege and prove

an intention on the part of the accused to use the traps for an unlawful purpose.   It is said that any other construction of the statute would make it unconstitutional, contravening Article I, Section 1 of the Bill of Rights, which guarantees the right to possess, enjoy and protect property.

We do not so view the statutes on this subject.   Section 1426, General Code, provides that no person shall have in possession a fish trap in the inland fishing district of this state.   Summit county is within said distrct.

Section 1456 provides that it is not unlawful to take fish in any manner in the ponds or lagoons formed by the receding waters of any river, when such ponds and lagoons no longer have any connection with the channels of such streams, nor in private artificial fish ponds or privately owned lakes.

Section 1457 provides that it is not unlawful for the owner of a private artificial fish pond to have traps in his possession for use therein, and that it is not unlawful to have in possession fish traps to be used in catching fish in the Ohio river, Lake Erie and certain of its bays, when the traps are kept within one mile of said waters.

Section 1458 says that it is not unlawful for manufacturers or dealers to have fish traps in their possession, when kept in their regular places of business, or for common carriers to have them in their possession for transportation.

Section 1461 provides, that the finding of a trap had in possession in violation of law shall be *prima facie* evidence of the guilt of the person owning, using or claiming such property.

We think these exceptions are ample and reasonable so that the law on this subject is entirely within the Constitution.

Nor was it necessary that the affidavit contain negative averments as to the many exceptions enumerated.   *Becker* v. *State,* 8 O. S., 391; *Billingheimer* v. *State,* 32 O. S., 435; *State* v. *Hutchinson,* 55 O. S., 573; *Hale* v. *State,* 58 O. S., 676.

The accused made no effort to bring himself within any of said exceptions; indeed, as first stated, the evidence showed that his possession of the traps was not an innocent possession, and warranted his conviction.

Judgment affirmed.